GEORGE GOODLETT, APPELLEE, V. TRANS-MISSOURI MINING & DEVELPMENT COMPANY, APPELLANT.

FILED MAY 21, 1909.   No. 15,699.

Appeal: EVIDENCE: DISCRETION OF COURT. The admission or exclusion of collateral evidence is ordinarily within the sound discretion of the trial court, and, unless there has been an abuse of this discretion to the prejudice of a party, its action in this regard will be upheld.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*E. M. Bartlett* and *W. N. Chambers,* for appellant.

*John T. Cathers, contra.*

LETTON, J.

This was an action to recover for services rendered by the plaintiff to the defendant as a mining prospector. The answer was a general denial. The evidence showed that the plaintiff, with others, was employed to prospect for the precious metals in Wyoming under a contract by which any lodes which he discovered were to become the property of the defendant company, and that he rendered the services as he claims. The only question is as to the liability of the company to pay him. The real defense is that at the time he was employed he refused to look to the company for payment for his services, but agreed to accept one Leopold Hahn instead of the company as the person responsible. It appears that Hahn was an old acquaintance of his. Hahn was a stockholder in the company, and had been requested by the secretary of the com-

pany to procure some experienced prospectors for the expedition. Mr. Bartlett, secretary of the company, testifies that the plaintiff, with Hahn and the other men employed, met at his office in the city of Omaha on the day they left for Wyoming; that he made out a check for the plaintiff for $40 advance wages; that Goodlett said he would not take the check, that he did not want to do anything with a foreign company in the way of contract; that his contract was with Mr. Hahn, and that he would look to Mr. Hahn for his money; that witness then said "that it would be so considered, that the money was given him on Mr. Hahn's account." This evidence is corroborated by Van Horn and Gallagher, the other men employed, but is squarely contradicted by Hahn and Goodlett. There is some other corroborative evidence of such an arrangement being then made. On the other hand, Goodlett and Hahn both testify that Goodlett was working for the company; that he never agreed to accept Hahn instead of the company as his paymaster, and that Hahn never agreed to be responsible for his wages. There is also in evidence a letter from Mr. Bartlett to Hahn, written just before the return of the expedition, concluding with the sentence, "If there are any unsettled matters between you and the treasurer and Mr. Goodlett, they will be settled on your return." Hahn was in charge of the property of the company, purchased the necessary supplies, and seemed to be the head of the expedition. Hahn testified that the company had sent him about $400 which he had used for the purchase of supplies and in part payment of money due him for services, and that the company still owed him about $500. The defendant offered in evidence a number of checks and drafts tending to show the receipt of over $1,000 by Hahn while in Wyoming, and offered to prove that fact. These offers were excluded by the court, and the argument in plaintiff's brief is directed mainly to the proposition that this was prejudicially erroneous.

The only issue in the case was whether or not the plain-

tiff had agreed to look to Hahn for his wages and to release the corporation from liability. While in Wyoming, Hahn conducted the correspondence with the secretary and treasurer of the company, and it is manifest from the evidence that in any event the money for wages would have been sent to Hahn. Both parties agree that the money was to come from the company in the first place and that Hahn was to disburse it. Unless by a fair inference the evidence offered would support the defendant's theory or negative the plaintiff's, the facts offered would have no evidentiary value and should have been excluded. Now, we are unable to see that the fact that money was sent to Hahn in excess of the amount to which he testifies can throw any light upon the question whether the plaintiff· released the corporation from liability to pay for his services. This being so, it is difficult to see wherein the defendant was prejudiced by the exclusion of this testimony. It is collateral to the main issue, and its admission or exclusion was in the sound discretion of the court. We think this discretion was not abused in excluding it. The jury found upon the main issue that the plaintiff had never accepted Hahn and released the company, and there was ample evidence to warrant this conclusion.

We find no prejudicial error in the record. The judgment of the district court is

AFFIRMED.